UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SARMA COLLECTIONS, INC.,<br><br>　　　　　　Defendant. | Civil Action No.: 22-cv-553 |

**PLAINTIFF JOHN DOE'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN PSEUDONYM AND FOR PROTECTIVE ORDER**

The Plaintiff, John Doe, on his own behalf an on behalf of others similarly situated, has moved for leave to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) in order to protect the identity of the Plaintiff and where there is no less drastic means available to do so.

### INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 *U.S.C.* § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15  *U.S.C.* § 1681(b) (emphasis added).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 *U.S.C.* § 1681(a)(4).  In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## FACTS

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously.  Defendant published a consumer report containing expunged criminal information that caused him to lose employment, among other injuries. The allegations against Defendant is based on Defendant's sale of an inaccurate and obsolete employment-purposed consumer report to City Electric Supply ("CES"). CES, after reviewing a consumer report from Defendant, denied Plaintiff's employment application. While Plaintiff has yet to be provided with a copy of Defendant's consumer report, CES itself described its employment decision as being based on Defendant's indication that Plaintiff was the perpetrator of a grand larceny.  However, while Plaintiff was charged with grand larceny, among other charges, in 2012, he had since entered a guilty plea and been diverted to a drug program, which he successfully completed in or around October 2013. Subsequent to his completion of the drug program, Plaintiff's plea relating to the criminal charges, including the grand larceny, had been withdrawn, and the charges dismissed with prejudice, as reflected in an order of the Drug Court of Spartanburg County, South Carolina, dated May 17, 2016.

As of May of 2022, a clerk of the Spartanburg County Drug Court confirmed that such criminal records were not in existence because they had been expunged. Aside from minor traffic violations, Plaintiff has no criminal record.

Expunged records no longer exist as a public record and is a legal nullity. "[T]he scope of the expungement is limited to the destruction of public records of the arrest and conviction and ensuring the confidentiality of the nonpublic records." *Green v. Keel*, No. 2021-UP-089, 2021 S.C. App. Unpub. LEXIS 91, at *2 (S.C. Ct. App. Mar. 17, 2021) (citation omitted). Indeed, a consumer often has a liberty interest in his expunged record. *See United States v. Bagheri*, 999 F.2d 80, 84-85 (4th Cir. 1993).

Thus, Plaintiff is entitled to the effect of the expungement when applying for employment and as the subject of employment-purposed consumer reports. Unfortunately for the Plaintiff, the report that Defendant sold to CES was used by CES to deny him employment. Plaintiff has every reason to believe that if other people, including current and future employers, knew that he even had an expunged record, it would harm his reputation, his financial condition, and his relationships.

In order to litigate his claims against Defendant, the parties will necessarily have to present evidence as to Plaintiff's expunged criminal conviction and arrest. Without using a pseudonym, Plaintiff's name and his expunged criminal record will become public and he will be stripped of the protections which his expungement and the FCRA afford him. That is, without the use of a pseudonym, Plaintiff will not be permitted to avail himself of his FCRA remedies without visiting upon himself the same harm (although in a greater degree) from which the FCRA and expungement proceedings provide protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, he will be prevented from vindicating his rights.

## ARGUMENT

A court may, at its discretion, permit a party to proceed under pseudonym in certain circumstances. In deciding whether to permit a party to proceed in pseudonym, a court must balance "considerations calling for maintenance of a party's privacy against the customary and

constitutionally-embedded presumption of openness in judicial proceedings." *C.M. v. United States*, No. SA-21-CV-00234-JKP, 2021 U.S. Dist. LEXIS 62176, at *3 (W.D. Tex. Mar. 31, 2021) (*quoting Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). "The Fifth Circuit has advanced 'no hard and fast formula for ascertaining whether a party may sue anonymously.'" *Doe v. CoreCivic, Inc.*, No. 4:20-cv-01828, 2020 U.S. Dist. LEXIS 117489, at *3-4 (S.D. Tex. July 6, 2020) (*quoting Stegall*, 653 F2d at 186). Nevertheless,

> Courts applying this balancing test have permitted plaintiffs to use pseudonyms in three general categories of situations. The first is 'when identification creates a severe and specific risk of retaliatory physical or mental harm.' The second is when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.' The third is when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'

*Id.* (citations and quotations omitted).

Applying these factors, courts have found that a plaintiff's vulnerable immigration status is "sufficiently sensitive and personal in nature to warrant the use of a pseudonym." *C.M. v. United States*, *supra* at *4. Others who have been permitted to proceed in pseudonym include: survivors of sexual assault, *Doe v. CoreCivic, Inc.*, *supra* at 4, cases involving "use of birth control, seeking an abortion, or homosexuality," *Doe v. McKesson*, 322 F.R.D. 456, 457 (M.D. La. 2017), and cases involving "[p]rayer and personal religious beliefs," *Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 U.S. Dist. LEXIS 46081, at *10 (W.D. Tex. Apr. 1, 2015).

Applying the relevant factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private to protect him from further economic and reputational harm.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able

to fully and fairly litigate against Plaintiff without publicly revealing his identity.  On the other hand, the harm to Plaintiff in having his identity revealed is certain and severe.  It includes not only social stigma, but also an impairment of his employment possibilities.  Information regarding his expunged criminal convictions, which is now not accessible to anyone, would instead be publicly available without restriction if he were publicly identified on the Court's docket.  That is, the precise injury litigated against (exposure of the expunged conviction to his employer) would be incurred to a much greater degree (exposure of his expunged conviction to the world) as a result of the disclosure of his identity in this lawsuit.  And certainly, unless permitted to proceed under pseudonym, Plaintiff will be subject to the "infamy associated with criminal behavior." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

    The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing.  That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where an expunged conviction is improperly revealed.  An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. "Further, while the issues in this litigation present matters which may garner some public interest, that public interest can be met without the necessity of disclosure of the plaintiff's identity." *Jones v. Oss Orthopaedic Hosp.*, 2016 U.S. Dist. LEXIS 89787 at *4.

    Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Pursuant to

this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff asks this Court to permit him to proceed in this Court in pseudonym. In the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

Dated: May 27, 2022

Respectfully submitted,

By: ___/s/David A. Chami_
     David A. Chami, 027585
     The Consumer Justice Law Firm
     8245 N. 85th Way
     Scottsdale, AZ 85258
     T: (480) 626-2359
     F: (718) 715-1750
     E: dchami@cjl.law