UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-22-CV-00553-XR |
| | § | |
| SAN ANTONIO RETAIL MERCHANTS ASSOCIATION, D/B/A SARMA; | § § § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this day, the Court considered Plaintiff John Doe's Opposed Motion for Leave to File First Amended Complaint to Join Omni Data Retrieval, LLC as a Defendant (ECF No. 29). Having reviewed Defendant San Antonio Retail Merchants Association d/b/a SARMA's response (ECF No. 30) and Plaintiff's reply (ECF No. 31), as well as the Scheduling Order (ECF No. 20) and Amended Scheduling Order (ECF No. 24), the motion is granted.

## BACKGROUND

Plaintiff John Doe brings this action to recover damages for violations of Sections 1681e(b) and 1681k(a)(2) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff alleges that San Antonio Retail Merchants Association d/b/a SARMA ("SARMA") sold consumer reports about Plaintiff that included multiple criminal records from ten years ago that were ultimately expunged in May 2016. ECF No. 1. Plaintiff alleges that he was denied employment, lost wages, and continues to suffer from emotional harm and distress due to the inaccurate reporting.

Plaintiff Doe now seeks leave to amend to add a new Defendant, Omni Data Retrieval, LLC, ("Omni"). Plaintiff's motion was filed after the Scheduling Order deadline to file motions to amend pleadings and join parties, which passed on January 3, 2023. ECF No. 20. Plaintiff's motion

was not filed until May 18, 2023. ECF No. 29. Plaintiff alleges he was not made aware of SARMA's data vender, Omni, until an amended interrogatory response was received on March 22, 2023. ECF No. 29 at 2. The next day, on March 23, 2023, Plaintiff's deposition of SARMA's corporate representative confirmed for the first time that Omni was the data vender of the criminal records at issue in this case.[1] *Id.* Plaintiff seeks to maintain the same claims in its original complaint and add Omni as a co-defendant to those claims. The motion to amend is opposed by Defendant SARMA. Central to its opposition is Defendant SARMA's contention that the Court's original discovery deadline was always later than the joinder deadline, and that when Plaintiff sought to extend the expert and discovery deadlines in January 2023, it did not seek to extend the joinder deadline. ECF No. 30 at 2. Defendant contends that Plaintiff should have always known that discovery would potentially identify more witnesses or third parties and therefore that the failure to preserve the joinder deadline was "either inadvertent" or an attempt by Plaintiff to "bring another party to the table" since settlement discussions have not progressed to Plaintiff's liking. *Id.*

---

[1] The timeline Defendant SARMA details in its response differs slightly. *See* ECF No. 30 at 2 (noting that "Tradehouse Data—not Omni Data Retrieval—was identified in March 2023 by the Defendant as the furnisher of the background screen data. This information was reaffirmed by Defendant's sworn deposition testimony in early May 2023"). Critically, however, the underlying contention that Plaintiff alleges remains the same. Plaintiff was not made aware that the background screen data was furnished by a different party until months after the joinder deadline passed in January 2023. Defendant SARMA does not otherwise address in its response its contention that Tradehouse Data, and not Omni Data Retrieval, LLC, furnished the background screen data. The Court accepts Plaintiff's contention that Omni is the third-party provider of the background screen data as true for the purposes of analyzing the motion for leave to amend, given the Defendant answered as such in its verified amended interrogatory response. ECF No. 31 at 4; *see also* ECF No. 31-2 at 2 (data vender agreement between Defendant SARMA and Omni).

Plaintiff further contends that, only after communicating "to counsel for Defendant an interest in amending the complaint to add Omni as a party, in April 2023, did Defendant suddenly complete an errata sheet, dated May 4, 2023, that 'clarify[ied]' that Omni was not a data vender of information." ECF No. 31 at 4. The Court agrees with Plaintiff that "Defendant's latest position about Omni – that it is not a data vender – should not be given much weight because it is contrary to an actual data vender agreement produced by Defendant in this case, is contrary to sworn deposition testimony gleaned from Plaintiff's counsel's live questioning of the Defendant and is contrary to Defendant's sworn testimony in its own amended responses to Plaintiff's Interrogatories." *Id.*

## DISCUSSION

### I.  Legal Standard

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). This motion, however, was filed *after* the expiration of the Court-ordered deadline to amend pleadings in the Scheduling Order, and granting the motion would require a modification of the Court's scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, the motion must be made pursuant to Rule 16(b)(4), which provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Thus, in evaluating a motion to amend pleadings filed after the Scheduling Order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim*, 551 F.3d at 348. Only once good cause is shown do the more liberal standards of Rule 15(a) apply. *Id.*

In exercising its discretion under Rule 15(a), the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

## II. Analysis

The deadline to join a third party in the case passed on January 3, 2023. ECF No. 20. Because the deadline to amend pleadings and join parties has passed, Plaintiff must satisfy the good cause standard of Rule 16(b)(4) in addition to the more lenient standard of Rule 15(a). The Court turns to address each of the four factors relevant to the good cause of Rule 16(b)(4) in turn below.

### A. Explanation for the Failure to Timely Move

The Court first finds that Plaintiff has provided an adequate explanation for the delay, which was neither intentional, inadvertent, nor an act of strategy or gamesmanship due to stalled settlement discussions. Indeed, Plaintiff filed this motion shortly after becoming aware of Omni, albeit after the joinder deadline had passed. As Plaintiff contends in the motion, "SARMA first made Plaintiff aware of its data vender not in its initial disclosures, as required pursuant to FED. R. CIV. P. 26(a), but rather nearly three months after the Court's Scheduling Order amendment deadline, in an amended response to an Interrogatory that had previously omitted any mention of Omni." ECF No. 29 at 3. Defendant SARMA contends that Plaintiff failed to diligently seek an extension to the joinder deadline when it requested extensions to the Court's Scheduling Order but overlooks its own role in failing to identify in its disclosures that Omni was its data vender. Whether Plaintiff had requested an extension to the joinder deadline in January or not, this would not have had a bearing on the fact that Plaintiff was ultimately not made aware of Omni's central role in the case until Defendant SARMA turned over that information, first in an amended interrogatory response and later in a deposition. The Court therefore holds that Plaintiff's explanation is more than reasonable in light of the circumstances and that leave to amend in this situation is required by justice.

### B. The Importance of the Amendment

Plaintiff alleges that if "the requested relief is not granted, Plaintiff's ability to properly pursue his case will be significantly curtailed and prejudiced." ECF No. 29 at 2. The Court agrees. While Defendant SARMA contends that Plaintiff will suffer "little or no injustice if joinder is denied as it may freely assert any claims against a third party in another action," (ECF No. 30 at 3), the Court recognizes that joinder is important to provide Plaintiff with full relief and to promote judicial efficiency by avoiding parallel litigation (discussed more below).

### C. Potential Prejudice in Allowing the Amendment

Defendant SARMA notes that it will suffer great prejudice by joining another party at this "late date." ECF No. 30 at 3. Specifically, because of the attorneys' fees and costs, and the potential fee shifting liability under the Fair Credit Reporting Act, Defendant contends that this would complicate and potentially delay its defense of claims and make defending against Plaintiff's claims more expensive.

The Court notes, however, that any prejudice from allowing the joinder ultimately appears to be minimal. The deadline for the completion of all discovery in this case is not until August 11, 2023. ECF No. 24. While parties acknowledge they are making progress towards a potential settlement, the costs associated with continued discovery will otherwise continue into the future, with or without amendment. And lastly, to the extent that Defendant SARMA might suffer any prejudice from the joinder in terms of delay or additional discovery, it is no greater than what it would suffer if Plaintiff filed a parallel suit against Omni. Should Plaintiff file that suit, it would almost certainly be consolidated with this suit, resulting in the same sorts of delays and issues. Forcing Plaintiff to file a new action against Omni and eventually consolidating it with this suit

would result in even more delay than simply permitting Plaintiff to join Omni into this existing action.

### D. The Availability of a Continuance to Cure Such Prejudice

Finally, the Court finds any prejudice to be minimal, but further finds that continuances of deadlines or the trial setting would cure any prejudice. The parties are directed to confer and submit any proposed extensions needed in light of this Order.

Having considered the above factors and determined that good cause exists to grant Plaintiff leave to amend under Rule 16(b)(4), the Court turns to Rule 15(a). The Court may exercise discretion under Rule 15(a). Having considered such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment," the Court finds no such factors are applicable here that would dissuade the Court from exercising discretion in granting Plaintiff leave to amend.

## CONCLUSION

Plaintiff's Motion for Leave to File First Amended Complaint to Join Omni Data Retrieval, LLC as a Defendant (ECF No. 29) is **GRANTED**.

The Clerk is **DIRECTED** to **FILE** the Amended Complaint (attached as ECF No. 29-1) and **ADD** Omni Data Retrieval, LLC as a party Defendant on the docket.

It is so **ORDERED**.

**SIGNED** June 8, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE